### UNITED STATES of America, Plaintiff–Appellee

v.

**Robert John MASON, Edwin Terrence Bell, Rejis Lamont Williams, Michael Lewis Andrews, James Edward Jones, Kevin Ray Sanderson, Janice Little Shepherd, Eric Rulack Farrington, Jr., Defendants–Appellants.**

No. 10–10743.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 2013.

Katherine Ann Miller, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX,

Susan Cowger, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

James Gray Jamison, Esq., Dallas, TX, for Robert John Mason.

Kimberly S. Keller, Keller Stolarczyk P.L.L.C., Boerne, TX, for Edwin Terrence Bell.

Peter Christian Smythe, Peter Smythe, P.C., Arlington, TX, for Rejis Lamont Williams.

Gregory Don Sherwood, Esq., Law Office of Gregory Sherwood, Austin, TX, for Micheal Lewis Andrews.

Jeffrey J. Ansley, Attorney, Bell, Nunnally & Martin, L.L.P., Dallas, TX, Gregory Daniel Kelminson, Esq., Bell, Nunnally & Martin, L.L.P., Dallas, TX, for James Edward Jones.

John Thomas Haughton, Haughton Law Group, P.C., Aubrey, TX, for Kevin Ray Sanderson.

Christopher Michael McCaffrey, Law Offices of Christopher McCaffrey, Dallas, TX, for Janice Little Shepherd.

William M. Ravkind, Esq., Ravkind & Associates, L.L.C., John Hatchett Camey, John H. Camey & Associates, Dallas, TX, for Eric Rulack Farrington, Jr.

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

## ON PETITIONS FOR REHEARING

PER CURIAM:

■ IT IS ORDERED that the petition for rehearing for appellant, Mr. Eric Rulack Farrington, Jr., is DENIED. Far-

rington's argument in his brief and now in his petition for rehearing is best summarized as follows: the district court erred in not giving the jury a specific unanimity instruction because the numerous overt acts alleged in the indictment could have resulted in jury confusion. Simply put, a general unanimity instruction is ordinarily sufficient, and it was in this case. Caselaw cited by Farrington either does not address criminal conspiracy charges, *see United States v. Holley*, 942 F.2d 916 (5th Cir.1991) (addressing perjury), or is inapposite, *see United States v. Gipson*, 553 F.2d 453 (5th Cir.1977) (involving a court affirmatively instructing the jury that it need not be unanimous). The district court did not abuse its discretion in declining to provide the requested instruction.

■ IT IS FURTHER ORDERED that the petition for rehearing for appellant, Mr. Edwin Terrence Bell, is DENIED. Bell argues in his petition for rehearing that he was not afforded meaningful appellate review due to this panel's summary treatment of his issues. This panel carefully reviewed the record and considered each of his arguments, all of which proved to be without merit. First, with respect to the *Batson* issue, other venire members were peremptorily struck for the same reasons as the proffered panelists, and the ultimate jury composition in no way suggests racial bias. Second, sufficient evidence existed regarding Bell's intent for a rational jury to convict him, notwithstanding any alternative explanations offered for his actions. Third, Bell was not entitled to a mitigating role adjustment; the record and PSR demonstrated that the district court did not clearly err in denying Bell a downward departure. Lastly, Bell did not meet the high burden of showing clear error on the part of the district court in

holding him jointly and severally liable for the full proceeds of the conspiracy.